FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 1 6 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| STACY MONTERO, | ) 12-CV- |
| Plaintiff, | ) CV12-00771 |
| v. | ) |
| RUBIN & ROTHMAN, LLC, | ) **COMPLAINT AND DEMAND** |
| DOE 1, a/k/a "VICTORIA LAKE," | ) **FOR JURY TRIAL** |
| Defendants. | ) |

BLOCK, J.

AZRACK, M.J.

## INTRODUCTION

1. This is an action for money damages by an individual consumer for defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA), and New York General Business Law (NYGBL) § 349 for defendants' false, deceptive, and misleading representations in the course of collecting a consumer debt.

## JURISDICTION AND VENUE

2. Jurisdiction of the court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law. Defendants have violated the provisions of the FDCPA.

3. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper in that defendants transact business here and the conduct complained of occurred here.

5. Defendants regularly do business within this district, and have engaged in a persistent course of conduct within this district. Defendants have derived substantial revenue from services rendered in this judicial district and state.

6. Defendants expected or reasonably should have expected that the acts alleged in this complaint would have consequences in this judicial district and state. Defendants have derived substantial revenue from interstate commerce.

7. Defendants have otherwise sufficiently conducted business and/or purposefully availed themselves of the privileges and benefits of this judicial district and state.

8. Defendants caused the transactions and occurrences alleged in this complaint to take place in this judicial district and state.

## PARTIES

9. Plaintiff Stacy Montero is a natural person who resided at all times material to this complaint in Queens County, New York.

10. Ms. Montero is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

11. Defendant Rubin & Rothman, LLC (Rubin) is a domestic limited liability company regularly engaged in the business of collecting debts in the state of New York with its principal place of business located at 1787 Veterans Highway, Islandia, Suffolk County, New York 11749.

12. The principal purpose of Rubin is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone, and Rubin regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. Rubin is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

14. Defendant Doe 1 a/k/a Victoria Lake (Doe 1) at all times material to this complaint operated as an employee or agent of Rubin, and she regularly engaged in the collection of debts on behalf of herself and on behalf of Rubin.

15. Doe 1 is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

16. Ms. Montero's ignorance of the true name of Doe 1 a/k/a Victoria Lake is not attributable to a lack of diligence on Ms. Montero's part, but is a result of intentional deception by the defendants. The actual identity of Doe 1 is within the exclusive knowledge of the defendants, and reasonable diligence cannot ascertain it, absent compulsion through discovery.

17. Doe 1 may be joined as a party once her identity is obtained through discovery.

18. Doe 1 acted on behalf of Rubin at all times.

19. The alleged debt at issue arose out of a transaction that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. At all times material to this complaint, defendants sought to collect monies under an alleged consumer credit account (the alleged debt).

## FACTUAL ALLEGATIONS

21. The allegations in this case center on a telephone call that took place between the parties on December 30, 2011. The plaintiff and her counsel are in possession of a true and accurate recording of said call, which lasted approximately five minutes and 40 seconds.

22. The facts leading up to said call are as follows: on December 7, 2011 at approximately 9:56 AM, Rubin called Ms. Montero on her cell phone to tell her she had been sued in an attempt to collect the alleged debt.

23. During this call, Ms. Montero had a conversation with "Michelle Parker," an agent or employee of Rubin. Throughout the call, Ms. Parker addressed Ms. Montero in a

condescending, rude, and disrespectful manner. Ms. Parker alleged Ms. Montero that Rubin was attempting to collect on a credit agreement that had been issued to Peter DelValle on which Ms. Montero was a co-signer. Ms. Parker alleged the creditor to be Equable Ascent Financial, LLC, a company Ms. Montero had never heard of nor had a business relationship with.

24. During the call, Ms. Parker claimed that Ms. Montero co-signed an agreement with Mr. DelValle, then criticized her for failing to monitor her own credit report, detect a default, and remedy the same. Ms. Parker's untoward tone escalated to the point of a hang up.

25. Approximately one week after this call, during the week of December 12, 2011, Ms. Montero received a dunning letter from Rubin dated December 7, 2011. This December 7, 2011 letter was the first written communication from Rubin to Ms. Montero.

26. Given the mysterious origin and ownership of the alleged debt, and the aggression exhibited by Rubin's agents, Ms. Montero invoked her verification rights under § 1692g by sending via certified mail, return receipt requested, a letter dated December 30, 2011 demanding verification of the alleged debt. A true and accurate copy of this letter, along with proof of its receipt by Rubin on December 31, 2011 (within 30 days), is annexed hereto as **Exhibit 1**.

27. Still concerned about enforcement of her rights, Ms. Montero called Rubin on December 30, 2011. During this call, a communication in connection with the collection of a debt, statements made by co-defendant Doe 1, a/k/a Victoria Lake violated provisions of the FDCPA and NYGBL § 349.

### FIRST CLAIM FOR RELIEF
(Violations of the FDCPA)

28. The plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

29. Rubin's agent, Doe 1, a/k/a "Victoria Lake" made the following statements during this call:

**Statement 1**

> **Ms. Montero**: *And on the letter that I have, it says from the date of December 7th, I have 30 days to dispute and verify this debt. You can't serve me until the 30 days is over, isn't that correct?*
>
> **Doe 1**: *No, that's incorrect. You can start service immediately. You don't have to wait.*

30. This statement violated FDCPA § 1692e(2)(A) because it falsely represented the law and the legal status of the debt. This statement misrepresents the substance and applicability of FDCPA § 1692g(b), which requires the debt collector to cease collection efforts until the debt collector obtains verification of the debt. The plain language of 1692g(b) states, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." A summons and complaint served within the 30-day validation period would have the effect of overshadowing the validation notice by making it appear to the least sophisticated consumer that being taken to court trumps her out-of-court rights.

31. This statement also violates § 1692e(5) because it is a threat to take action that cannot legally be taken.

32. This statement also violates § 1692e(10) because the legal misrepresentation is a deceptive means to collect a debt.

33. This statement also violates § 1692f because it falsely represents the law to a *pro se* party, in violation of the New York Rules of Professional Conduct Rule 4.3, *Communicating with Unrepresented Persons*, by giving legal advice to Ms. Montero when Rubin knew that her interests were in direct conflict with those of Rubin. Rubin breached its legal obligation not to knowingly make a false statement of law.

**Statement 2**

**Doe 1**: *This isn't the first time you received a letter about this bill!*

**Ms. Montero**: *No, it is. Because I told you, you were sending it to the wrong address.*

34.  This false statement had the effect of overshadowing, obscuring, confusing and contradicting Ms. Montero's verification rights in violation of §1692g(b).

35.  This statement falsely represented the character, amount or legal status of the debt, in violation of 1692e(2)(A) because it suggested or implied that Ms. Montero may have lost her rights to verification of the debt.

36.  This statement was a false representation of fact, in violation of § 1692e(10).

**Statement 3**

**Doe 1**: *You keep talking. Why don't you listen to someone who has the answers because now you're being sued.*

37.  This statement is false, deceptive and misleading because it misrepresents the legal status of a debt in violation of 1692e(2)(A) by stating that Ms. Montero had been sued on the debt when she had not.

38.  This statement was a false representation in violation of § 1692e(10).

**Statement 6**

**Doe 1**: *We subpoenaed the post office and got your valid address.*

39.  The use of the word "subpoena" in this statement is false, deceptive and misleading because it states that an action was taken that cannot legally be taken in violation of §§1692e, 1692e(5), and 1692e(10). Without the context of a court proceeding, Rubin was without authority to subpoena the post-office.

40.  Section 1692(g) is a strict liability provision. Any violation, regardless of intention, subjects defendants to civil liability.

6

41. Ms. Montero suffered actual damages, which include but are not limited to, sleep loss, stomach pains, stress, anxiety, nervousness, headaches, fear, stomach pains, worry, fright, shock, embarrassment, humiliation, and intimidation.

42. As a result of the above violations, Ms. Montero is entitled actual damages, statutory damages of up to $1,000, attorney's fees, and costs.

## SECOND CLAIM FOR RELIEF
### (Violation of NYGBL § 349)

43. The plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

44. NYGBL § 349 declares unlawful deceptive acts or practices in the conduct of any business, trade or commerce, or in the furnishing of any service in this state.

45. The conduct complained of occurred during, and in furtherance of, defendants' for-profit business enterprise of pursuing consumers for alleged defaulted debt obligations.

46. At all times material to this complaint, the deceptive acts and practices by defendants that gave rise to the claims herein occurred while defendants conducted their business of collecting consumer debts.

47. Defendants' acts and practices have been directed entirely at consumers. Defendants' acts and practices have broad impact on the New York consuming public.

48. Defendants' collection acts are part of a recurring practice against large numbers of consumers in furtherance of its business model of increasing debt volume while decreasing the cost of each case, thus enhancing profitability.

49. Defendant's offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because they deprive consumers of federally guaranteed rights. These acts and practices contribute to an increasing number of

personal bankruptcies, lead to marital instability, job loss, which are all significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

50. Defendants' deceptive acts and practices violate NYGBL in the following ways without limitation: a) obscuring, overshadowing, contradicting, ignoring, and confusing plaintiff's right for verification and doing it in such a repeated and willful nature to imply that plaintiff had no such right; b) attempting to conceal its burden of verification; c) providing erroneous and misleading information to plaintiff; d) falsely stating that plaintiff was being sued when she was not; and e) misrepresenting the character and legal status of the debt after it was disputed; and f) knowingly and repeatedly violating the FDCPA consistent with the aforementioned allegations in this complaint.

51. As a result of these violations, Ms. Montero suffered actual damages, which include but are not limited to: sleep loss; stomach pains; anxiety; severe stress; nervousness; headaches; fear; worry; fright; shock; embarrassment; humiliation; and intimidation.

52. As a result of these violations of NYGBL § 349, Ms. Montero is entitled to an injunction barring defendants from engaging in deceptive acts and practices, and to recover actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests the court grant the following relief:

a. On the FIRST CLAIM FOR RELIEF, actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

b. On the SECOND CLAIM FOR RELIEF (NYGBL § 349), actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h); and

c. For such other and further relief as law or equity may provide.

Dated: New York, New York
February 13, 2012

Jesse Langel (jl 7079)
The Langel Firm
225 Broadway, Suite 700
New York, NY 10007
T: (646) 290-5600
F: (646) 964-6682
jesse@langellaw.com

**EXPRESS MAIL** — UNITED STATES POSTAL SERVICE

**Customer Copy** — Post Office To Addressee

Label 11-B, March 2004

EI 009230394 US

**ORIGIN (POSTAL SERVICE USE ONLY)**

- PO ZIP Code: 1510
- Day of Delivery: 2nd
- Postage: $13.35
- Date Accepted: 12/31/11
- Scheduled Time of Delivery: 3 PM
- Flat Rate or Weight: 1 lb

**DELIVERY (POSTAL USE ONLY)** — blank

**CUSTOMER USE ONLY**

FROM: Stacy C. Montero
3116 69th St
Woodside, NY 11377
PHONE (347) 248-1853

Postmark: DEC 31 2011

TO: Rubin & Rothman LLC
787 Veterans Highway
Suite 32
Islandia, NY 11749
Attn to: Michelle Parker (at law)
PHONE (631) 234-1500

ZIP+4: 11749

FOR PICKUP OR TRACKING
Visit www.usps.com
Call 1-800-222-1811

Stacy F. Montero
31-16 69th Street
Woodside, NY 11377
(347) 848-2855

Rubin & Rothman, LLC
Attorneys At Law
1787 Veterans Highway Suite 32
P.O. Box 9003
Islandia, N.Y. 11749
(631) 234-1138

December 30, 2011 Certified Mail No.

Re: Inquiry dated December 07, 2011: file no. 0987101

To Whom It May Concern:

Please note that this is not a refusal to pay off the account, but a notice sent as per the Fair Debt Collection practices Act, 15 USC 1692g Sec. 809 (b). The notice states that your claim is disputed and validation of the account is required.

This notice is not a request for verification of the account or proof of my mailing address, but a request for validation made pursuant to the FDCPA laws. I humbly request that your office sends me valid proof that I am legally obligated to pay you.

**Please provide me with the below mentioned things:**
- **The amount you claim I owe you**
- **Explain and show me how you have computed the amount**
- **Send me copies of any documents that prove I agreed to pay the alleged amount**
- **Identify the original creditor**
- **Confirm that the account has not crossed the Statute of Limitations period**
- **Prove that you're a licensed debt collector**
- **Show me your license numbers and registered agent**

I would like to inform you that you have me listed in your file and previous written correspondence under the name of, Stacy S. Aryadi. That is not, nor has it ever been, my legal name. I do not know where you got that information, but my legal maiden name was Stacy F. Aryadi, and my current legal name is, Stacy F. Montero. Please rectify this inaccuracy in your records.

I would like to inform you that incase your agency has reported invalidated account information to any of the three main Credit Bureau's such as, TransUnion, Equifax, Experian, then it will be regarded as a fraudulent action under both the federal and state laws. Due to this reason, if any negative item is reported to any of my credit reports by

your agency or the agency that you represent, then I will be compelled to take legal steps against you for the below mentioned reasons:
- Violation of the FCRA
- Violation of the FDCPA
- Defamation of character

If your agency can provide me with the requested documents, I will need a minimum of 30 days to investigate this information, and during this period of time, all collection activities must be stopped.

I would like to further inform you that if any action is taken (during the validation period) which could be regarded as detrimental to any of my credit reports, then I will seek advice from my attorney for lawsuit. This includes listing any information on a credit report that could be incorrect or invalidated, or confirming an account as correct when in fact there is no provided proof that it is.

If your company fails to respond to this debt validation request within a period of 30 days from the date of your receipt, then the account information must be completely deleted from my credit report, and a copy of such deletion request should be sent to me at once.

I would also like to request, in writing, that no calls should be made by your company at my residence. If your company attempts to make unlimited or computer generated calls to me or any third parties, then it will be considered harassment, and I will have no option but to file a lawsuit. All future communications with me should be done in writing and sent to the address mentioned in this letter.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records, any information obtained shall be used for that purpose.

Sincerely,


Stacy F. Montero